IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY WAYNE BECK
     Plaintiff,

vs.                       Case No.: 5:16cv293/WTH/EMT

BAY COUNTY GOVERNMENT, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This case, filed pursuant to 42 U.S.C. § 1983, is now before the court on Plaintiff's second amended complaint (ECF No. 19). Leave to proceed in forma pauperis has been granted (ECF No. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).   In civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

Plaintiff names as Defendants the "Bay County Government," one of its commissioners, several county judges, the mayor of Panama City, Bay County Code Enforcement, the director of the Gulf Consortium, and the Florida State Hospital.  His complaint amounts to a litany of allegations stemming from an alleged search and

seizure of his property, criminal charges being raised against him, his civil commitment, and the "BP oil spill" catastrophe.

Plaintiff's allegations include the following. He states that Defendants ignored his repeated pleas for help during the BP oil spill and that they took from him all his personal property including millions of dollars in intellectual property stemming from inventions related to the oil spill. He alleges that Defendants ruled unfavorably against him in court, violated his rights by telling him he had to put his words in writing, and that they prevented him from speaking about his inventions in the courtroom. He claims Defendants violated his rights by illegally entering on his posted property, destroying a wall in the process, and taking pictures of signs from inside his property. He provides that his public defender refused to accept evidence in his defense, refused to file a motion for reduction of bond, and ordered his psychiatric evaluation. He indicates he was committed to the Florida State Hospital, where he was not allowed to contact his attorney, was placed under constant threat of forced medication, was forced to use the bathroom on the floor, and was constantly threatened and attacked by other inmates without staff intervention.

Additionally, Plaintiff states the following:

Increased pain and suffering due to medical conditions by loss of wages by putting me on a repeating paper factory from computer to paper computer to paper, knowing I have a handicap.

Violated my constitutional rights by finding in favor of the county that return to my property took my signs and my last inventions which consisted of the oil spill inventions, nine in total, and all of my tools and properties, allowing them to get on top of my house, which resulted in holes in my roof that is the result of the condition I'm in right now.

Code enforcement damaged my home by putting their foot through my roof in five different places.  When they were on my house painting over signs of protest sign painted over was May 7, 2013 Bay County commission homepage items L public participation.

Florida state hospital would not allow me to contact abuse line when I witnessed a man that had his eye [put or poked] out by another patient and it was a game to the select group to walk by this individual and slap him as hard as they could on the side of his face.

I lost my job because of the oil spill and they falsified records at the GCCF and then again at the deep water horizon [writing] stuff on the papers that I did not say, allowing them to seize my BP money.

(ECF No. 19 at 8, ¶11; at 9, ¶15; at 12, ¶29; at 14, ¶19; and at 15, ¶2).

Because Plaintiff leaves blank the "Statement of Claims" section of the complaint, he fails to claim what constitutional or other rights were allegedly violated, although in the body of the complaint he indicates violations of the First, Fourth, and Eighth Amendments.  Plaintiff also leaves blank the "Relief Requested" section of the complaint, thus failing to indicate what form of relief he seeks from the court.

Though Plaintiff is now on his second amended complaint, his claims remain a haphazard arrangement of facts and wide-ranging events.  As such, the complaint constitutes a "shotgun pleading" with claims and allegations that are vague, conclusory and improperly commingled.  *See* Weiland v. Palm Beach City Sherriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (identifying, among other types of shotgun pleadings, those which are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action").  A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Allaben v. Howanitz, 579 F. App'x 716, 718 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  Plaintiff's allegations suggest a conspiracy involving county commissioners, law enforcement officials, and judges, but such a far-reaching conspiracy is completely without factual support in the complaint.   A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient.  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990); Arnold v. Board of Education of Escambia County, Alabama, 880 F.2d 305, 309 n.2 (11th Cir. 1989); Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985).  The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must detail how the defendants reached an agreement

or understanding to commit the acts.  Bendiburg, *supra*.  Sufficient factual information

must be presented so that there is an adequate basis for believing that the conspiracy

existed.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

    Although courts should and do show leniency to pro se litigants, *see, e.g.*,

Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990), "leniency does not give a

court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise

deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of

Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  It is proper to

dismiss a complaint when there is a repeated failure to provide a "short and plain

statement of the claim showing that the pleader is entitled to relief" as required by

Rule 8(a) of the Federal Rules of Civil Procedure.  Salahuddin v. Cuomo, 861 F.2d

40, 42 (2d Cir.1988); Davis v. Hyatt Regency Oakland Westenhaver, No. 88-2616,

1989 WL 42901, at *3 (9th Cir. Apr. 24, 1989) (citing Prezzi v. Schelter, 469 F.2d

691, 692 (2d Cir. 1972)); Taylor v. Florida Dept. of Corrections, No.

3:10cv76/WS/EMT, 2012 WL 2202838, at *1 (N.D. Fla., May 23, 2012); *see also*

Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997)

(emphasizing importance of addressing "shotgun pleadings" at an early stage to

prevent unmanageable pleadings from taxing the court's docket).  Where a complaint

amounts to a "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," dismissal is appropriate. Prezzi, 469 F.2d at 692; Baron v. Complete Mgt., Inc., 260 F. App'x 399, 400 (2nd Cir. 2008) (affirming dismissal of complaint described as "virtually unintelligible" and "frivolous and harassing"); Bishop v. Romer, Nos. 98-1294, 98-1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999); Corcoran v. Yorty, 347 F. 2d 222, 223 (9th Cir. 1965).

Moreover, many of Plaintiff's allegations, or the inferences he draws from them, appear to be removed from reality.  A complaint is subject to dismissal as frivolous under Section 1915 where the claims do not express a legal interest that actually exists, where they involve "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989); *see also* Iqbal, 556 U.S. at 696; Denton v. Hernandez, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios").  Separate from the authority of the court to dismiss for failure to state a claim, the power to dismiss a claim as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S.

at 327, 109 S. Ct. at 1833).  Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true."  *Id.*; *see also, e.g.,* <u>Cofield v. Alabama Pub. Serv. Comm'n</u>, 936 F.2d 512, 515–16 (11th Cir. 1991) (approving dismissal of complaint containing "a rambling account of a conspiracy of prison officials to bribe Cofield into investigating improper behavior by other prison officials"); <u>Gallop v. Cheney</u>, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); <u>Russ v. Williams</u>, No. 5:14cv164/RS/EMT, 2014 WL 7404060, at *2 (N.D. Fla. Dec. 30, 2014) (dismissing as frivolous claims that were "essentially rooted in [the plaintiff's] belief that federal agencies are secretly engaged in a conspiratorial vendetta against him whereby every otherwise legitimate action taken by any agency . . . is seen through the lens of this overarching conspiracy that Plaintiff believes exists").

For the reasons provided herein, the instant complaint fails to state a cognizable civil rights claim and is also factually and legally frivolous.

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 1$\underline{^{st}}$ day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**